**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-30576**
**Summary Calendar**

**IRAJ HORMOZI,**

**Plaintiff-Appellant,**

**VERSUS**

**GULF STATE UTILITIES; ENTERGY CORPORATION,**

**Defendants-Appellees.**

Appeal from the United States District Court
For the Middle District of Louisiana
(96-CV-3222)

November 9, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Iraj Hormozi was employed by Gulf State Utilities, Inc./Entergy for 14 years as an engineer at a nuclear generating plant in Louisiana. In 1994 Entergy implemented a new employee evaluation process wherein it ranked all of its employees by performance and potential as compared to their peers. Employees

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ranked in group 9, the lowest performance category, were given the option of accepting a voluntary severance package and signing a release or beginning an action plan designed to improve the employee's performance over the next year. Hormozi was ranked in group 9 and elected to accept a severance package and execute a release of his claims against Entergy in consideration of the payment of $22,169.39. In June 1996 Hormozi filed suit against his former employer alleging discrimination on the basis of age and national origin and state law claims of intentional infliction of emotional distress, defamation, and breach of contract. Hormozi named as defendants Entergy Gulf States, Inc., Entergy Corporation, and Entergy Operations, Inc. (collectively referred to as "defendants"). Defendants filed a motion for summary judgment on the grounds of the release and settlement agreement. The district court granted this summary judgment but it was reversed on appeal to this Court. Upon remand, defendants filed a second motion for summary judgment on the grounds that plaintiff had failed to produce sufficient evidence upon which a jury could find that his termination was the result of age discrimination. The district court again granted this summary judgment in favor of defendants and Hormozi timely appeals to this Court again.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district court in its ruling on motion for summary judgment filed April 4, 2000, we affirm the final judgment entered on April

2

5, 2000, which granted defendants' motion for summary judgment.

**AFFIRMED.**